IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| GLADYS RENODA THOMAS and GEORGE TERRELL, for themselves and all others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | CIVIL ACTION NO. 2:08cv307-MHT (WO) |
| BRADLEY BYRNE, in his official capacity as Chancellor of the Department of Post-secondary Education of the State Department of Education, | ) ) ) ) ) ) ) ) | |
| Defendant. | ) | |

OPINION AND ORDER

It is ORDERED that defendant Bradley Byrne's objection to the bill of costs (doc. no. 13) is overruled.

Rule 54(d)(1) of the Federal Rules of Civil Procedure states, in relevant part, that, "Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than

attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Rule 54(d)(1) "establishes a presumption that costs are to be awarded to a prevailing party, but vests the district court with discretion to decide otherwise." <u>Chapman v. AI Transport</u>, 229 F.3d 1012, 1038 (11th Cir. 2000)(en banc).

    Here, the court taxed costs to plaintiffs Gladys Renoda Thomas and George Terrell in the sum of $ 350.00, which consisted entirely of fees for the clerk. Byrne's only objection to the taxation was that the plaintiffs were not the prevailing party. The court, however, has today issued an opinion that decided the plaintiffs were, indeed, the prevailing parties in this litigation and awarded them reasonable attorneys' fees as a result. This decision applies equally to the question of costs. Byrne's objection to the taxation of costs is without merit.

    DONE, this the 19th day of March, 2009.

                              /s/ Myron H. Thompson
                              UNITED STATES DISTRICT JUDGE