IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| GLADYS RENODA THOMAS and GEORGE TERRELL, for themselves and all others similarly situated,       )<br>      )<br>      )<br>      )<br>      )<br>   Plaintiffs,      )<br>      )<br>   v.      )<br>      )<br>BRADLEY BYRNE, in his official capacity as Chancellor of the Department of Post-secondary Education of the State Department of Education,      )<br>      )<br>      )<br>      )<br>      )<br>      )<br>      )<br>      )<br>   Defendant.      ) | CIVIL ACTION NO.<br>2:08cv307-MHT<br>(WO) |

OPINION AND ORDER

This case is now before the court on defendant Bradley Byrne's motion for reconsideration of the opinion and order granting attorney's fees and costs to plaintiffs Gladys Thomas and George Terrell. For the reasons that follow, Byrne's motion will be denied.

Byrne has filed his motion pursuant to Rules 59 and 60 of the Federal Rules of Civil Procedure. "A

post-judgment motion may be treated as made pursuant to either Fed. R. Civ. P. 59 or 60--regardless of how the motion is styled by the movant--depending on the type of relief sought." Mays v. U.S. Postal Serv., 122 F.3d 43, 46 (11th Cir. 1997). Here, Byrne effectively requests the court to alter or amend its judgment in favor of plaintiffs; therefore, it is properly treated as a Rule 59(e) motion. Id; Fed. R. Civ. P. 59(e).

"'The only grounds for granting a Rule 59 motion [for reconsideration] are newly-discovered evidence or manifest errors of law or fact.'" Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (quoting In re Kellogg, 197 F.3d 1116, 1119 (11th Cir. 1999)). "'A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.'" Id. (quoting Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005)).

Byrne's motion presents no reasons to justify relief. He submits no newly discovered evidence, and he has failed to demonstrate that this court committed any manifest errors of law or fact. Rather, the motion simply recycles old arguments in an impermissible attempt to relitigate matters already decided by this court.

***

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that defendant Bradley Byrnes's motion for reconsideration (doc. no. 26) is denied.

DONE, this the 17th day of August, 2009.

                     /s/ Myron H. Thompson
                UNITED STATES DISTRICT JUDGE